UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARA TORRES,<br><br>         Plaintiff,<br><br>    v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>         Defendant. | Case No. 1:22-cv-00035-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S REQUEST TO DISMISS ACTION WITHOUT PREJUDICE**<br><br>(Doc. 7)<br><br>14-DAY DEADLINE |

On December 1, 2021, Plaintiff Lara Torres, proceeding *pro se*, filed a complaint against Defendant in the Fresno County Superior Court. (Doc. 1-2.) On January 3, 2022, Defendant removed this action from state court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1441, as Plaintiff's complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, a federal statute. (Doc. 1.)

On February 9, 2022, Plaintiff filed a Notice of Dismissal of Complaint (the "Notice") pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"), reflecting Plaintiff's desire to dismiss the matter in its entirety without prejudice. (Doc. 5.) The Court advised Plaintiff that, where the defendant has already served an answer in the matter, as was the case here (*see* Doc. 4), Rule 41(a)(1)(A) permits the plaintiff to voluntarily dismiss the matter without a court order only "by filing . . . a stipulation of dismissal signed by all parties who have appeared." (Doc. 6.) As the

Notice did not contain Defendant's signature and thus failed to satisfy Rule 41, the Notice was stricken. (*Id.*) Plaintiff was further advised that she needed to file a stipulation of dismissal signed by all parties who have appeared to dismiss the action without a court order, and that, in the event Plaintiff was unable to obtain such a stipulation, Plaintiff could move the Court to dismiss the action pursuant to Rule 41(a)(2). (*Id.*)

On February 15, 2022, Plaintiff filed request to dismiss the action without prejudice, pursuant to Rule 41(a)(2). (Doc. 7.) On February 17, 2022, Defendant filed a statement of non-opposition to Plaintiff's request. (Doc. 9.)

Federal Rule of Civil Procedure 41(a)(2) provides in pertinent part that where a defendant has served an answer or motion for summary judgment, or does not stipulate to a dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.* "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, [citation], or unfairly affected by dismissal. [Citations.]" *Stevedoring Services of America v. Armilla International B. V.*, 889 F.2d 919, 921 (9th Cir. 1989).

The decision to grant or deny a motion pursuant to Rule 41(a)(2) is "within the sound discretion of the trial court and may be reviewed only for abuse of that discretion." *Phillips v. Illinois Central Gulf Railroad,* 874 F.2d 984, 986 (9th Cir. 1989). A court should grant a Rule 41(a)(2) motion for voluntary dismissal unless the defendant will "suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts." *Id.* "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

Here, Defendant does not oppose Plaintiff's request to dismiss the action in its entirety without prejudice. (*See* Doc. 9.) Therefore, voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure will not result in "prejudice to some legal interest, some legal claim, some legal argument." *See Westlands Water Dist.*, 100 F.3d at 96.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's request to dismiss the action without prejudice (Doc. 7) be GRANTED.

These findings and recommendation are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **February 17, 2022**                    /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE